UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LURONE LEE,

        Petitioner,        Case No. 1:08-cv-118

v.        Honorable Gordon J. Quist

CARMEN PALMER,

        Respondent.
_____/

## ORDER TO FILE AMENDED PETITION

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is required to file his habeas petition on the form provided by this Court. *See* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. Mich. LCivR 5.6(a). Petitioner failed to file his petition on the requisite form. If Petitioner wishes to proceed with his action, he must carefully fill out the form and submit it to the Court. To assist Petitioner, the Court hereby directs the Clerk of the Court to send to Petitioner a copy of the form for a petition filed pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.

Petitioner has filed two previous habeas corpus actions in this Court. The first, *Lee v. White*, 1:04-cv-363 (W.D. Mich.), challenged the issuance of certain misconduct tickets and the denial of parole allegedly based in part on those misconducts, all of which, Petitioner argued, were affected by his disabilities under the Americans with Disabilities Act, 42 U.S.C. § 12131, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). The petition was dismissed by the Court under Rule 4 of the Rules Governing § 2254 Cases, because the petition, on its face, plainly failed to raise a cognizable federal claim.

On September 17, 2007, Petitioner filed a new habeas petition. *Lee v. Burt*, No. 1:07-cv-921 (W.D. Mich.). He simultaneously filed multiple ancillary motions. The petition was not filed on the form and the Court issued an order, similar to the instant one, directing Petitioner to file an amended petition on the form. Use of the form was important because Petitioner's original petition contained very little of the crucial information necessary for this Court to conduct a preliminary review of the petition. In response, Petitioner failed to file an amended petition. Instead, he filed a response entitled "Ex Parte Affidavit by Incapacitated Person," in which he argued that he was cognitively impaired and therefore should not be required to use the form. He also filed a motion to appoint counsel. The Court dismissed the action without prejudice for failure to file on the form, concluding that Petitioner was required to attempt to complete the form and noting that the original complaint lacked sufficient information for the Court to conduct preliminary review. The Court also denied the motion to appoint counsel *See Lee*, No. 1:07-cv-921 (Nov. 11, 2007 Ord.; docket #13). Petitioner filed a motion and brief seeking reconsideration, which the Court again denied on January 23, 2008. (Docket #16.)

The instant petition, while submitted with a new filing fee as a new habeas action, is actually entitled, "Motion Request for Evidentiary Hearing Regarding Inability to File Writ Application." Petitioner appears to make yet another effort to challenge the Court's prior decisions regarding his need to file on the form. He argues that he is entitled to an evidentiary hearing to determine that he needs representation. He suggests that he wishes to challenge certain misconducts and loss of good-time credits, but he provides no information about what specific decisions he challenges.

In the course of the two most recent habeas cases, Petitioner has filed a total of six motions and briefs after being directed to file a new petition on the form. Yet he has never

attempted to file an amended petition. Petitioner continues to allege that he must seek "illegal" assistance from other prisoners in order to submit the documents. He apparently has been highly successful in obtaining that assistance quickly and often. But he also apparently has never requested such assistance to do the one thing the Court has ordered – file an amended petition on the form.

The Court therefore denies Petitioner's request for hearing on the appointment of a representative. Petitioner is again ordered that he shall submit an amended petition by filing his habeas petition on the requisite form within thirty days from the date of entry of this order. Petitioner's case number must appear on the front page of the amended petition. If Petitioner fails to submit an amended petition in proper form within the time allowed, the petition may be dismissed without prejudice by the district judge.

**IT IS SO ORDERED**.


Dated:  February 14, 2008                                        /s/ Hugh W. Brenneman, Jr.
                                                                 HUGH W. BRENNEMAN, JR.
                                                                 United States Magistrate Judge