UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LURON LEE,

           Petitioner,                    Case No. 1:08-cv-118

v.

                                       Honorable Gordon J. Quist

CARMEN PALMER,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed without prejudice.

**Discussion**

I.   Factual allegations

Petitioner is presently incarcerated at the Deerfield Correctional Facility. On February 28, 1991, Petitioner was convicted in Kalamazoo County Circuit Court of three counts of first-degree criminal sexual conduct, in violation of MICH. COMP. LAWS § 750.520b, for which he was sentenced to concurrent prison terms of six to twenty years. In his application for habeas corpus relief, Petitioner provides the following grounds for relief, which are set forth verbatim:

> [**GROUND ONE**:]  Petitioner states that he is not able to adequately provide information here.
>
> [(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):]  Major Misconduct Tickets.  I am requesting each major ticket that has been written against me be reviewed by this court, for constitutional violations and restoration of my good time credits.  I can not provide documents, MDOC has them.
>
> \*\*\*
>
> [**GROUND TWO**:]  State court refused to follow the law and dismissed my case.
>
> [(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):]  I cannot adequately provide information here.
>
> \*\*\*
>
> [**GROUND THREE**:]  Petitioner is not able to adequately provide information here.
>
> \*\*\*
>
> [**GROUND FOUR**:]  Petitioner is not able to provide information here.

(Pet. at 6-10, docket #4.)

      II.     <u>Analysis</u>

On February 14, 2008, this Court ordered Petitioner to file on the appropriate form. In that Order, the Court reminded Petitioner to specifically list his grounds for habeas corpus relief. The Order stated, in pertinent part:

> Petitioner has filed two previous habeas corpus actions in this Court. The first, *Lee v. White*, 1:04-cv-363 (W.D. Mich.), challenged the issuance of certain misconduct tickets and the denial of parole allegedly based in part on those misconducts, all of which, Petitioner argued, were affected by his disabilities under the Americans with Disabilities Act, 42 U.S.C. § 12131, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). The petition was dismissed by the Court under Rule 4 of the Rules Governing § 2254 Cases, because the petition, on its face, plainly failed to raise a cognizable federal claim.
>
> On September 17, 2007, Petitioner filed a new habeas petition. *Lee v. Burt*, No. 1:07-cv-921 (W.D. Mich.). He simultaneously filed multiple ancillary motions. The petition was not filed on the form and the Court issued an order, similar to the instant one, directing Petitioner to file an amended petition on the form. Use of the form was important because Petitioner's original petition contained very little of the crucial information necessary for this Court to conduct a preliminary review of the petition. In response, Petitioner failed to file an amended petition. Instead, he filed a response entitled "Ex Parte Affidavit by Incapacitated Person," in which he argued that he was cognitively impaired and therefore should not be required to use the form. He also filed a motion to appoint counsel. The Court dismissed the action without prejudice for failure to file on the form, concluding that Petitioner was required to attempt to complete the form and noting that the original complaint lacked sufficient information for the Court to conduct preliminary review . . . .
>
> The instant petition, while submitted with a new filing fee as a new habeas action, is actually entitled, "Motion Request for Evidentiary Hearing Regarding Inability to File Writ Application." Petitioner appears to make yet another effort to challenge the Court's prior decisions regarding his need to file on the form. He argues that he is entitled to an evidentiary hearing to determine that he needs representation. He suggests that he wishes to challenge certain misconducts and loss of good-time credits, but he provides no information about what specific decisions he challenges.

(Feb. 14, 2008 Order, docket #3.)

Petitioner filed an amended petition on the form on February 29, 2008. He also filed a notice (docket #5), which states that his life is in danger due to "Deliberate Indifference to Serious

Medical Needs,"[1] and a motion to demand the Court to read all of his pleadings and adhere to the law (docket #6) on February 29, 2008. (Judicial Notice, docket #5; Mot., docket #6)  Once again, Petitioner has not submitted pleadings sufficient for the Court to conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  Petitioner has not provided any information about his major misconducts, i.e. when they were issued, for what reason, and whether he appealed any of the misconduct convictions to the hearings division or state court.  As a result, the Court cannot determine whether Petitioner exhausted his available state-court remedies to challenge the misconduct tickets, or whether counsel or any further proceedings are required.

A misconduct conviction can result in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence."  *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).  A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, a prisoner must exhaust available state remedies before bringing a habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1).  Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division for a misconduct conviction.  MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR., Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007).  Thereafter, a prisoner may appeal the misconduct conviction to the state circuit court. MICH. COMP. LAWS  § 791.255(2).  If Petitioner is unsuccessful in the circuit court, he could then apply for leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court.  *See*

---

[1] An action regarding Petitioner's medical care should be brought pursuant to § 1983 rather than as a petition for habeas corpus.

MICH. CT. R. 7.203(B); 7.302.  As Plaintiff has not shown that his convictions have been invalidated, his claims are not presently cognizable.  Because the Court is unable to conduct an initial review of the petition as submitted, I recommend that Petitioner's action be dismissed without prejudice.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 without prejudice.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  April 1, 2009                                                            /s/ Hugh W. Brenneman, Jr.
                                                                                           HUGH W. BRENNEMAN, JR.
                                                                                           United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).